AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLULAR DEVICE ASSIGNED CALL NUMBER 607-371-6470 AND INFORMATION ASSOCIATED WITH THAT NUMBER STORED BY T-MOBILE | ) ) ) ) ) )     Case No.   1:23-mj-319 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference). This court has authority to issue this warrant under 18 U.S.C. §§ 2703 (c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the    Southern    District of    Ohio   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(a)(6) | False Statement During Purchase of a Firearm |

The application is based on these facts:

See attached affidavit of ATF Special Agent Derek Graham

- ☒ Continued on the attached sheet.
- ☒ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I therefore certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by ATF. See 18 U.S.C. §§ 3122(b), 3123(b). /s/Julie D. Garcia

*Derek Graham*
*Applicant's signature*

Derek Graham, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by    FaceTime videoconference    *(specify reliable electronic means)*.

Date: **Apr 17, 2023**

City and state:   Cincinnati, Ohio

Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. The cellular device assigned call number **607-371-6470** (an "Account"), whose wireless service provider is T-Mobile, USA, (the "Provider") a wireless provider that accepts service of process at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Account that are within the possession, custody, or control of the Provider, including information about the location of the device if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I.  **Information to be Disclosed by the Provider**

1. *Historical and Subscriber Information.* To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **April 1, 2023, to present**:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);
        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii. Local and long distance telephone connection records;
        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        v. Length of service (including start date) and types of service utilized;
        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i. the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
        ii. All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **April 1, 2023, to present**. Included is any specialized location data commonly referred to as Network Element

        Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

   c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

        Bureau of Alcohol, Tobacco, Firearms & Explosives
        550 Main Street, Ste 8-491
        Cincinnati, OH 45202
        Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
- Identity of all accounts that are linked to the account by cookies
- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses

- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

**II.     Information to be Seized by the Government**

1. All information described above in Section I that will assist in arresting ZEPHANIAH JONES, who is the subject of an arrest warrant issued on April 12, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR DEVICE ASSIGNED CALL NUMBER 607-371-6470 AND INFORMATION ASSOCIATED WITH THAT NUMBER STORED BY T-MOBILE | CASE NO.    1:23-mj-319<br><br>UNDER SEAL |

AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Derek Graham, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information, including location information, associated with the cellular telephone assigned call number **607-371-6470** (the **SUBJECT DEVICE**), whose service provider is T-Mobile, USA ("T-Mobile"), a wireless provider that accepts service of process at 4 Sylvan Way, Parsippany, NJ 07054. The **SUBJECT DEVICE** is described herein and in Attachment A, and the information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks, among other things, the prospective collection of information, including cell-site location information, that falls within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed since October of 2007. As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Brunswick, Georgia. I graduated from the ATF Special Agent Basic Training Academy, located in Brunswick, Georgia, in April 2008. Prior to my employment with ATF, I was a Federal Air Marshal in the Department of Homeland Security from June 2006 through October 2007. In addition, I was a Criminal Research Specialist with the Washington, DC High Intensity Drug Trafficking Area/Drug Enforcement Administration from June 2003 through June 2006. I am a graduate of Augustana College, where I received a Bachelor's degree in Business Administration in May of 2002. I am also a graduate of Boston University, where I received a master's degree in Criminal Justice in June of 2006.

4. I have experience in the investigation, apprehension, and prosecution of individuals suspected of being involved in federal firearms and drug offenses. I have specific experience in investigating the use of cell phones by criminal suspects who are involved in the commission of those offenses. I also have knowledge of the technology used by law enforcement authorities to identify cell phones' users and geographic locations. I have applied for, obtained, and analyzed, or assisted other federal Special Agents and local police officers with applying for, obtaining, and analyzing, more than 360 sets of historical call detail records. In addition, I have mapped in excess of 200 sets of historical records related to telephone cell site information, ping order locations, and/or GPS records.

5. I know from training and experience that individuals typically keep cell phones on their persons or within their immediate control, such as in the cupholder of a car they are driving, because cell phones are regularly used and possessed as an item of personal property. I also

know from my training and experience that in today's age it is typical for individuals engaged in criminal activity to possess multiple active cellular phones at one time. For example, many criminals have one phone that they use for personal communications (e.g., with family members) and another phone that they use to communicate with criminal associates.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other police officers, agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(a)(6) (False Statement During Purchase of a Firearm) have been committed by ZEPHANIAH JONES; JONES was charged with violations of 18 U.S.C. § 922(a)(6), among other crimes, on April 12, 2023, and is the subject of an arrest warrant issued on that date. There is also probable cause to believe that the information described in Attachment B, including location information, will assist law enforcement in arresting JONES, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### A. On April 12, 2023, a federal arrest warrant was issued for JONES.

9. On April 12, 2023, a federal grand jury in the Southern District of Ohio returned an indictment in Case No. 23-CR-0036 that charged ZEPHANIAH JONES (among others) with, among other things, violations of 18 U.S.C. § 922(a)(6).

10. A federal arrest warrant for JONES was issued on the same day. JONES is therefore a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

11. As I explain below, I am seeking information about the **SUBJECT DEVICE** because there is probable cause to believe that JONES uses it and that the requested information about the device will assist law enforcement in arresting him.

### B. There is probable cause to believe that JONES is currently using the SUBJECT DEVICE.

9. During this investigation, I have learned that, as of April 17, 2023, JONES was a registered tenant at the Aspire Kenwood (the "Aspire"), at 4751 Aspire Boulevard, in Cincinnati, Ohio.

10. On April 17, 2023, I spoke with employees in the leasing office at the Aspire. Two of the individuals I spoke with said they had met ZEPHANIAH JONES before in the context of him being a tenant at the Aspire.

11. One of the employees told me that on March 20, 2023, JONES called the apartment complex and said he had a new phone number: **607-371-6470** (i.e., the **SUBJECT DEVICE**). The employee explained that the **SUBJECT DEVICE** had since been added to JONES's rental application on file with the Aspire.

12. On April 17, 2023, I queried the **SUBJECT DEVICE** in a database available to law enforcement that I have previously used and know to be reliable. This query indicated that the **SUBJECT DEVICE** is associated with "ZEPHANIAH JONES."

13. Another employee said that on Saturday, April 15, 2023, she saw ZEPHANIAH JONES walking in the lobby of the Aspire.

4

14. Based on the foregoing information and my training and experience, I submit that there is probable cause to believe that JONES is using the **SUBJECT DEVICE** and that the **SUBJECT DEVICE** is currently within the Southern District of Ohio.

  C. **T-Mobile likely has relevant information.**

15. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

16. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the **SUBJECT DEVICE**, including by initiating a signal to determine the location of the **SUBJECT DEVICE** on T-Mobile's network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that T-Mobile can collect historical and prospective cell-site data about the **SUBJECT DEVICE.** Based on my training and experience, I

5

know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers, such as T-Mobile, typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes. I also know that wireless providers collect subscriber information about their customers, including names, addresses, billing information, as well as information about the types of devices and IP addresses used.

18. Based on my training and experience, I know that the information requested in Attachment B is likely to assist law enforcement in locating and arresting JONES. Historical and prospective information about the location of the cellular devices is likely to assist law enforcement in surveilling locations where the defendants live or are spending time, making it easier to find and arrest them. Additionally, information about the contacts to and from a cellular device commonly helps law enforcement identify other individuals who are in contact with the user of that device and who may have information about their whereabouts.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a

time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the **SUBJECT DEVICE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the **SUBJECT DEVICE** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **SUBJECT DEVICE** outside of daytime hours.

24. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Derek Graham*
Derek Graham
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me via FaceTime videoconference on this 17 day of April, 2023.

Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

1. The cellular device assigned call number **607-371-6470** (an "Account"), whose wireless service provider is T-Mobile, USA, (the "Provider") a wireless provider that accepts service of process at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Account that are within the possession, custody, or control of the Provider, including information about the location of the device if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

1. *Historical and Subscriber Information.* To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **April 1, 2023, to present**:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);
        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii. Local and long distance telephone connection records;
        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        v. Length of service (including start date) and types of service utilized;
        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i. the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
        ii. All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **April 1, 2023, to present**. Included is any specialized location data commonly referred to as Network Element

        Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

    c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

        Bureau of Alcohol, Tobacco, Firearms & Explosives
        550 Main Street, Ste 8-491
        Cincinnati, OH 45202
        Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
- Identity of all accounts that are linked to the account by cookies
- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses

- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II. Information to be Seized by the Government

1. All information described above in Section I that will assist in arresting ZEPHANIAH JONES, who is the subject of an arrest warrant issued on April 12, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.